## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 20 2019, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan A. Watson
Anderson, Agostino & Keller, PC
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Peter M. Yarbro
Sara E. Tumbleson
Hains Law Firm, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Karen Gohler,

*Appellant-Petitioner,*

v.

James A. Rea,

*Appellee-Respondent*

February 20, 2019

Court of Appeals Case No.
18A-ES-1562

Appeal from the St. Joseph
Superior Court

The Honorable Jenny Pitts Manier, Judge

Trial Court Cause No.
71D05-1709-ES-44

**Baker, Judge.**

[1] Karen Gohler appeals the trial court's order denying her request to be appointed personal representative of the estate of her deceased mother and closing the estate. She argues that the trial court applied improper statutes and that she is entitled to relief. Finding no error, we affirm.

## Facts

[2] In 2014, Harriet[1] Rea, the mother of Gohler and James Rea, sold a valuable home in Florida. At that time, Rea and his wife also lived in Florida and attended to Harriet's care. Harriet and Rea opened a joint bank account to hold the proceeds of the sale of her home. For several years, Harriet made distributions to her children, including Gohler, from this account.

[3] Harriet died on January 5, 2017. On September 6, 2017, Gohler opened an estate and was named personal representative.[2] Gohler opened the Estate as intestate even though Harriet had a will; she also stated that the Estate was solvent even though there were no assets to be distributed.

[4] Later that month, Rea filed a petition to probate Harriet's will without administration and to close the Estate. In the petition, Rea stated that, pursuant to Harriet's will, Suntrust Bank should be named personal representative and

---

[1] Gohler's brief refers to her mother as "Elizabeth," appellant's br. p. 4, but Rea and all documents in the appendix refer to the decedent as "Harriet," so we will use that name throughout.

[2] The document filed with the court by Gohler to open the Estate is not included in the appendix.

that the Estate should be closed because there were no assets to be administered.

[5] The point of contention between Gohler and Rea is the joint bank account that was held by Rea and Harriet. The account reverted to Rea's sole ownership upon Harriet's death. Gohler believes that Rea "influenced" Harriet to remove this account "from a trust which benefited all children equally and place those assets into joint-ownership accounts with himself." Appellant's Br. p. 4. Gohler has never filed a claim against the Estate, nor has she ever sought to bring this bank account or any other property into the Estate.

[6] Following a hearing, the trial court ordered that certain documents related to Harriet's banking records be produced to Gohler. Following the production of those documents, the trial court held another hearing on November 30, 2017. Based on that hearing, the trial court issued an order that probated Harriet's will, removed Gohler as personal representative, authorized Suntrust Bank to proceed as personal representative upon qualification, and took Rea's petition to close the Estate under advisement.

[7] On April 25, 2018, Gohler filed a petition to have Suntrust Bank removed as personal representative and herself appointed, alleging that Suntrust Bank was not authorized to act as a fiduciary because it was a nonresident corporation. The trial court held a hearing on this petition on June 5, 2018. At the hearing, Gohler indicated that she was seeking discovery from Harriet's doctors and documents from her financial advisors because Gohler believed that Harriet had

been incapable of making asset transfers before she died. On June 6, 2018, the trial court issued an order denying Gohler's petition and closing the Estate. In pertinent part, the trial court found as follows:

1.  The parties would seem to agree to the following facts:

    Decedent owned a valuable home in the State of Florida. Prior to her death, Rea and his wife also resided in the State of Florida and attended to the care and well-being of Decedent. Decedent sold her home in 2014 and placed the proceeds of that sale in a bank account. Distributions were regularly made to Rea, Gohler and their siblings from this joint account title to which passed at the time of Decedent's death as a non-probate transfer. . . .

2.  Decedent died more than nine (9) months ago.

3.  Gohler has not filed a claim against the Estate.

4.  Gohler has presented no evidence that she made a demand of Suntrust Bank, as personal representative, pursuant to I.C. 32-17-13-7.

5.  Gohler has not commenced an action under I.C. 32-17-13 within nine (9) months of Decedent's death, as required by I.C. 32-17-13-8.

6.  Gohler did not file her Petition to Remove Suntrust Bank for more than nine (9) months after Decedent's death.

7.  The Estate remains open not due to issues related to the administration of the Estate but to attempt to facilitate, effectively, pre-suit discovery, which has been unproductive and for which a factual basis has not been established or well-defined.

8.      Gohler benefitted from the sale and transfer of which she is now suspicious by the regular distribution of funds to her from the proceeds of the sale of Decedent's home.

9.      There are no probate assets to be administered through this Estate.

10.     This Estate is ordered closed.

Appealed Order p. 1-2.  Gohler now appeals.

# Discussion and Decision

[8]     When, as here, the trial court enters sua sponte findings of fact and conclusions of law, we apply a two-tiered standard of review.  *Butler Univ. v. Unsupervised Estate of Verdak*, 815 N.E.2d 185, 190 (Ind. Ct. App. 2004).  First, we consider whether the evidence supports the findings, and second, we consider whether the findings support the judgment.  *Id.*  We will set aside the trial court's judgment only if the findings and conclusions are clearly erroneous, leaving us with a firm conviction that a mistake has been made.  *Id.*  In conducting our review, we will consider only the evidence and inferences favorable to the judgment and will neither reweigh the evidence nor assess witness credibility.  *Id.*  To the extent that we must consider pure questions of law, we apply a de novo standard of review.  *Franklin Elec. Co. v. Lutheran Hosp. of Ind.*, 926 N.E.2d 1036, 1042 (Ind. Ct. App. 2010).

[9]     It is undisputed that the passage of the joint bank account to Rea's sole ownership upon Harriet's death was a "nonprobate transfer."  Ind. Code § 32-17-13-1(a).  The only Indiana Code provisions that specifically address recovery

of a nonprobate transfer from the transferee can be found in Indiana Code chapter 32-17-13. A "claimant" of a nonprobate transfer "means the surviving spouse or a surviving child, to the extent that statutory allowances are affected, or a person who has filed a timely claim in a deceased transferor's probate estate under IC 29-1-14, and is entitled to enforce the claim against a transferee of a nonprobate transfer." A proceeding to recover a nonprobate transfer must be commenced within nine months of the decedent's death or within sixty days after the personal representative received a timely written demand[3] by the claimant and declined or failed to commence a proceeding. I.C. § 32-17-13-8(a).

Gohler first argues that Indiana Code chapter 32-17-13 does not apply to her because she is neither pursuing a statutory allowance as a surviving child nor making a claim against the Estate. Instead, she argues that, "as prior and potential personal representative," she sought to recover assets from Rea on behalf of the Estate. Appellant's Br. p. 7. She essentially argues that because she did not file a claim against the Estate, these provisions do not apply to her. But that ignores the important question of whether she *should have* filed a claim against the Estate. A surviving child may not be making a claim related to statutory allowances but may still be a "person" who has filed a timely claim related to a nonprobate transfer.

---

[3] It is undisputed that Gohler did not make a timely written demand of Suntrust Bank.

[11]     In short, we do not find Gohler's argument to be persuasive. But even if she is correct, she does not prevail. While she was personal representative, she had the right—and duty—to take possession of Estate assets and the power to file any lawsuits necessary to recover possession of the Estate's property. Ind. Code §§ 29-1-13-1, -3. She did not do so.

[12]     Even after she was removed as personal representative, as an heir to the Estate, she had the right to file a petition "alleging that any person has, or is suspected to have, concealed, embezzled, converted or disposed, of any real or personal property belonging to the estate of a decedent . . . ." I.C. § 29-1-13-10(a). She did not do so.

[13]     She could also have sought relief under Indiana Code section 29-1-13-16 by filing a petition alleging that she had "reason to believe and does believe that the personal representative of the estate or any other person is indebted to the estate, or that any property is in the possession of . . . any other person, and that diligent effort is not being made to collect such indebtedness or to secure possession of such property . . . ." She did not file such a petition.

[14]     Therefore, even if Gohler was not required to make a claim for a nonprobate transfer, she failed to take any of the other actions at her disposal to preserve

her right to make any argument related to the joint bank account. Under any set of procedures, Gohler does not prevail.[4]

[15] It is undisputed that there are no assets in the Estate to administrate. It is likewise undisputed that Gohler was more than willing to accept regular payments of money from the joint bank account for years during Harriet's lifetime. It is only now, in retrospect, that Gohler wonders whether Harriet had the capacity to set up the arrangement that facilitated those distributions. Under these circumstances, even if Gohler had followed the proper procedures, the trial court would have been well within its discretion to deny her petition and close the Estate. *See Inlow v. Henderson, Daily, Withrow & DeVoe*, 787 N.E.2d 385, 393 (Ind. Ct. App. 2003) (noting that the probate court, rather than the litigant, determines whether a petitioner's claim of a person's indebtedness to an estate has merit). We find no error with respect to the trial court's order in this case.

[16] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.

---

[4] She seems to argue that the trial court should have ordered her to file a petition rather than close the Estate. But the trial court is not required to order parties to follow the procedural channels they had not bothered to follow on their own.